UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| 3D ENTERPRISES CONTRACTING CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:08-CV-042 |
| NATIONAL ELECTRIC COMPANY, INC., | ) ) | |
| Defendant. | ) ) | |

# **MEMORANDUM AND ORDER**

Now pending in the United States District Court for the Eastern District of Kentucky is a breach of contract suit filed by plaintiff 3D Enterprises Contracting Corp. ("3D") against defendant National Electric Company, Inc. ("NEC"). According to the complaint, 3D is the general contractor on a utility project known as the Beaver Creek Wastewater Treatment Facility Expansion - Contract 2 ("the Project"). NEC submitted a bid to 3D to perform the Project's electrical work. 3D's successful Project bid relied on NEC's electrical subcontract bid, but for unknown reasons NEC subsequently refused to enter into a subcontract with 3D. The electrical subcontract was ultimately performed by NEC's competitor, Tennessee Associated Electric, Inc. ("TAE") at a higher price. In the Kentucky litigation, 3D seeks damages from NEC including the difference in cost between the NEC bid and the TAE subcontract price.

On January 7, 2008, NEC filed in this court a motion to compel, seeking production of documents by TAE. The motion was referred to United States Magistrate Judge C. Clifford Shirley, Jr. for his consideration and determination, and the magistrate judge held a hearing on January 16, 2008.

By memorandum and order dated January 18, 2008, Magistrate Judge Shirley granted the motion in part, as NEC and TAE were able to reach agreement on most issues. [Doc. 9]. The motion was denied as to unredacted internal documents pertaining to TAE's cost of work estimates. Now before the court is NEC's objection to the magistrate judge's order [doc. 11]. TAE has filed a response [doc. 12] to the objection.

In sum, NEC argues that it cannot adequately defend against 3D's damage claim "[w]ithout the documents showing how TAE priced its scope of work." [Doc. 11, p. 3]. According to NEC, "What must be compared [in the Kentucky litigation] is the scope of work TAE *agreed* to perform and the scope of work NEC *offered* to perform." [Doc. 11, p. 3] (emphasis added). In response, TAE argues that an unredacted cost estimate calculation is proprietary information that need not be disclosed to its competitor NEC. TAE further contends that the only necessary points of comparison in the Kentucky litigation are the NEC bid and the TAE subcontract.

The magistrate judge agreed with TAE, finding the requested unredacted estimate to be irrelevant proprietary information. That ruling was neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a). The TAE/3D subcontract should sufficiently

2

enable NEC to determine whether its bid differed in scope from the work ultimately subcontracted by TAE.

This court wholly agrees with NEC that, "What must be compared [in the Kentucky litigation] is the scope of work TAE *agreed* to perform and the scope of work NEC *offered* to perform." However, *how* TAE decided to price its bid is irrelevant. NEC's objection is accordingly **OVERRULED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge